IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DEBRAYSHIA DOUGLAS**                                          **PLAINTIFF**

v.                                                 CIVIL ACTION NO. 3:23-CV-328-MPM-RP

**AT&T SERVICES, INC.**                                      **DEFENDANT**

**REPORT AND RECOMMENDATION**

The plaintiff Debrayshia Douglas has filed this *pro se* action seeking the recovery of damages and other relief against AT&T Services, Inc. for securities fraud, breach of contract, and defamation. The complaint is signed both by the plaintiff Debrayshia Douglas and by her purported attorney-in-fact named – quite curiously -- Douglas Debrayshia. Because the plaintiff is seeking leave to proceed *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for the *sua sponte* dismissal of the complaint if the court finds it is "frivolous or malicious" or if it "fails to state a claim on which relief may be granted." For the reasons below, the undersigned magistrate judge recommends that the plaintiff's complaint be dismissed on both grounds.

A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke,* 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez,* 504 U.S. 25, 33,

112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

In her complaint in this case, the plaintiff states grievances against AT&T Services, Inc. related to AT&T's requirement that the plaintiff pay her cell phone bills in order to maintain cellular service with AT&T. She alleges her business relationship with AT&T began on May 1, 2022 when she "entered into a Consumer credit transaction by contract with AT&T for personal mobile telephone services." After making a number of allegations regarding how federal reserve banks must provide collateral when making application to federal reserve agents for federal reserve notes, the plaintiff alleges as follows:

> AT&T's associated bank took plaintiffs application and tender of contract obligation as security collateral for the consumer credit transaction. AT&T received Federal Reserve Notes in advance and is able to retrieve more as required but requires Plaintiff to pay fees for activation of services and tax for devices. AT&T is still requiring Plaintiff to pay the alleged debt monthly and has caused damage mentioned throughout complaint.

The plaintiff alleges that being unable to pay the alleged debt, she then sent AT&T a packet of documents including a durable power of attorney, a list of instructions, an endorsed negotiable instrument, and a copy of a section of the Federal Reserve Act pertaining to the issuance of Federal Reserve Notes. A copy of the referenced packet of documents is attached to the complaint, and the referenced "endorsed negotiable instrument" is simply a copy of the plaintiff's AT&T cell phone bill in the amount of $199.76 due by June 25, 2023. ECF #1-1.

The plaintiff alleges she later sent AT&T another packet of documents containing another list of instructions, another endorsed negotiable instrument, and another copy of a section of the

2

Federal Reserve Act pertaining to the issuance of Federal Reserve Notes. A copy of the referenced packet of documents is attached to the complaint, and the referenced "endorsed negotiable instrument" is simply a copy of another of the plaintiff's AT&T cell phone bills, this one in the amount of $357.09, and on which someone – presumably the plaintiff -- has hand-written the words, "pay to bearer three hundred fifty-seven dollars and 09/100 cents." ECF# 1-2. Written on the back of the bill is the following:

> Restricted Endorsement
> By: Douglas Debraysia/Agent
> For: Debraysia L.S. Douglas/Principal
> (without recourse)

According to the complaint, the plaintiff later sent AT&T yet another packet of documents containing another list of instructions, another endorsed negotiable instrument, and a cease-and-desist letter. A copy of the referenced packet of documents is attached to the complaint, and the referenced "endorsed negotiable instrument" is simply a copy of the plaintiff's AT&T cell phone bill in the total amount of $357.09 and showing a past due balance of $149.76. ECF #1-3. The cease-and-desist letter requests that AT&T stop contacting her "alleging I owe a debt." *Id.*

The complaint alleges that AT&T cut off the plaintiff's cell phone service due to non-payment, after which the plaintiff "let AT&T know she made her payment via negotiable instrument for the total amount of 357.09." The plaintiff alleges that she eventually went to an AT&T store and paid the alleged debt, and that after the "double payment" to AT&T, her cell phone service was restored.

The complaint alleges that the plaintiff later corresponded with an officer of AT&T about the matter, and that the officer's correspondence violated her consumer rights. A copy of the

3

referenced correspondence is attached to the complaint, and it reflects that after numerous attempts by the plaintiff and the AT&T officer to get in touch with one another, the plaintiff emailed the officer stating, among other things, "My service was disconnected on 7/27 for non payment when in fact AT&T is in possession of my signed negotiable instrument and was received long before the default." ECF #1-5. The email also accuses AT&T of defaming her. *Id.*

In her demand for relief, the plaintiff requests that the court permanently stop AT&T from committing future violations of federal law and consumer rights, award damages for breach of contract and a refund of monies paid, impose civil monetary penalties against AT&T for violations of federal law, and award costs to the plaintiff's attorney-in-fact for bringing the action.

The undersigned finds that the plaintiff's complaint is delusional and irrational and fails to state a claim that is plausible on its face. What the plaintiff characterizes as a "consumer credit transaction" allegedly giving rise to the application of federal securities laws is simply a contract to purchase cell phone service from AT&T. The plaintiff admittedly fell behind on her payments, and when AT&T notified her of the amounts owed, the plaintiff appointed an "attorney-in-fact" by the same name but in reverse and repeatedly attempted to submit as payment "endorsed negotiable instruments" which in reality were simply copies of her AT&T bills. AT&T eventually terminated the plaintiff's phone service for non-payment and later restored the plaintiff's service after she paid the amount owed. The plaintiff's claims of securities fraud, defamation and breach of contract are not grounded in reality and have no arguable basis in fact, and the undersigned RECOMMENDS that the plaintiff's complaint be

4

DISMISSED with prejudice because it is frivolous and fails to state a claim on which relief may be granted.[1]

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b), and L. U. Civ. R. 72(a)(3) for the appropriate procedure in the event she desires to file an objection to these findings and recommendations. Objections are required to be (1) specific, (2) in writing, and (3) filed within fourteen (14) days of this date. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 14 days after being served with a copy bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1998), and (2) appellate review, except on grounds of plain error, of unobjected-to proposed factual findings and legal conclusions accept by the district court. . . ." *Douglass v. United States Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (citations omitted).

This, the 5th day of September, 2023.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned recently recommended the dismissal of the plaintiff's similarly frivolous complaint against her landlord and the law firm retained to collect her unpaid rent. *See Debrayshia Douglas v. Marathon Management LLC, et al.,* No. 3:23-cv-323-MPM-RP.